IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:16-CV-00044-RLV-DSC

| | |
|---|---|
| ANGELA G. SEXTON, | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| SKYLINE MEMBERSHIP CORP., | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant Skyline Telephone Membership Corporation's[1] ("Defendant") Motion to Dismiss (Doc. 11) (the "Motion") and accompanying brief in support (Doc. 12), which were filed on August 26, 2016. Plaintiff Angela G. Sexton ("Plaintiff") did not file a response to Defendant's Motion. For the following reasons, Defendant's Motion to Dismiss is **GRANTED WITH PREJUDICE**.

## I. PROCEDURAL HISTORY

Plaintiff is appearing *pro se* in this action. Defendant employed Plaintiff as a cashier until she was terminated on April 23, 2015. (Doc. 1) at 4; (Doc. 1-1) at 1. On December 3, 2015, which is 224 days after Defendant terminated Plaintiff's employment, she filed an Equal Employment Opportunity Commission ("EEOC") charge, alleging that Defendant had discriminated and retaliated against her in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended (the "ADA"). (Doc. 1-1) at 1. On December 8, 2015, the EEOC issued a "Dismissal and Notice of Rights" letter, which dismissed Plaintiff's charge as being untimely filed. (Doc. 1-1) at 3. The dismissal letter states, "[y]our charge was not timely filed with EEOC;

---

[1] Erroneously identified as "Skyline Membership Corporation" in the summons and complaint. (Doc. 11) at 1.

in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *Id.* Plaintiff filed a Complaint in this Court on March 8, 2016, alleging that her employer, Defendant, unlawfully discriminated against her in violation of the ADA.[2] (Doc. 1). On August 26, 2016, Defendant filed the present Motion (Doc. 11) and accompanying brief in support (Doc. 12), to which Plaintiff did not respond.

## II. JURISDICTION AND VENUE

Plaintiff alleges a cause of action pursuant to the ADA, and the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff is a resident of Jefferson, North Carolina and was employed by Defendant in West Jefferson, North Carolina, both of which are within this Court's district and division. Venue in the Western District of North Carolina is appropriate by virtue of Plaintiff's residence and Defendant's presence and doing business in this district.

## III. STANDARD OF REVIEW

The Supreme Court has held that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted); *Dolgaleva*, 364 Fed. App'x at 827. However, the Fourth Circuit has "not read *Erickson* to undermine *Twombly's* requirement that a pleading contain more than labels and conclusions[.]" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing *pro se* complaint); *accord Atherton v. Dist. of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more

---

[2] The Complaint alleges a cause of action pursuant to the Title VII of the Civil Rights Act of 1964, but given Plaintiff's factual allegations, the Court liberally construes the cause of action to be pursuant to the ADA.

2

than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94; *Iqbal*, 556 U.S. at 679)); *accord Pickens v. JP Morgan Chase Bank, N.A.*, 2016 U.S. Dist. LEXIS 62911, at *7-10 (W.D.N.C. May 12, 2016) (Voorhees, J.); *Silvers v. Iredell Cty. Dep't of Soc. Servs.*, 2016 WL 427953, at *7 (W.D.N.C. Feb. 3, 2016) (Voorhees, J.). The rules governing the generous construction of *pro se* pleadings "do[] not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Ashby v. City of Charlotte*, 2015 U.S. Dist. LEXIS 103286, at *4 (W.D.N.C. 2015); *Godfrey v. Long*, 2012 U.S. Dist. LEXIS 2671, at *3-4 (E.D.N.C. 2012) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *see also Silvers*, 2016 WL 427953, at *7.

## IV. DISCUSSION

The ADA requires a plaintiff to file a charge of discrimination with the EEOC within 180 days of the alleged adverse employment action. *See* 42 U.S.C. § 12117(a) and 42 U.S.C. § 2000e-5(e)(1). In this case, Plaintiff asserts that the discriminatory conduct occurred on April 23, 2015, but she did not file her EEOC charge until December 3, 2015, 224 days after the alleged discrimination. The Fourth Circuit permits equitable tolling of a statute of limitations where there are "(1) extraordinary circumstances, (2) beyond [a party's] control or external to [the party's] own conduct, (3) that prevented [the party] from filing on time." *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Plaintiff, however, offers nothing in her Complaint to suggest that she meets this demanding standard. Therefore, Plaintiff's claim is barred by the ADA's statute of limitations. *See Martin v. Mecklenburg Cty. Park & Recreation Dep't*, No. 3:06 CV 290, 2006 WL 3780418, at *3 (W.D.N.C. Dec. 20, 2006) and *Bratcher v. Pharmaceutical Product Development, Inc.*, 545 F. Supp. 2d 533, 543 (E.D.N.C. 2008).

**IT IS, THERFORE, ORDERED THAT** Defendant's Motion to Dismiss is **GRANTED WITH PREJUDICE** and the Clerk is ordered to close the case.

Signed: April 12, 2017

Richard L. Voorhees
United States District Judge